## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVA RUTTEN,<br><br>                  Plaintiff,<br><br>        v.<br><br>243 W HOSPITALITY LLC d/b/a CHELSEA LIVING ROOM,<br><br>                  Defendant. | Civil Case No.: 1:25-cv-2358<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Eva Rutten ("Plaintiff" or "Ms. Rutten"), by and through her attorneys, Faruqi & Faruqi, LLP, as and for her Complaint against 243 W Hospitality LLC d/b/a Chelsea Living Room ("Chelsea Living Room" or "Defendant"), hereby alleges as follows:

### NATURE OF THE CLAIMS

1.     Plaintiff complains pursuant to Title VII of the Civil Rights Act, as amended by the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law §§ 290, *et seq.* ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, *et seq.* ("NYCHRL"); and seeks damages to redress the injuries she has suffered as a result of being discriminated against on the basis of her sex. Specifically, although Ms. Rutten was one of Chelsea Living Room's top performers, Ms. Rutten was terminated from her employment as a server *just two days* after disclosing her pregnancy to her General Manager, Claudia Racos ("Ms. Racos"). Ms. Rutten was terminated from her position solely on the basis of her sex and pregnancy and in violation of federal, state, and city law.

## ADMINISTRATIVE PREREQUISITES

2.      Pursuant to NYCHRL § 8-502, Plaintiff will serve a copy of this Complaint upon the New York City Commission on Human Rights and the New York City Law Department, Office of the Corporation Counsel within ten days of its filing, thereby satisfying the notice requirements of this action.

3.      On July 1, 2024, Plaintiff filed a charge of discrimination with the New York State Division of Human Rights that was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). On February 12, 2025, the EEOC issued Plaintiff a Notice of Right to Sue ("Right to Sue"). Plaintiff brings her complaint within 90 days of her receipt of the Right to Sue.

4.      Plaintiff has complied with any and all other prerequisites to filing this action.

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this action involves federal questions regarding the deprivation of Plaintiff's rights under federal statute. The Court has supplemental jurisdiction over Plaintiff's related claims arising under State and local law pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

7.      That at all times relevant hereto, Plaintiff was and is a female individual residing in the State of New York.

8.      That at all times relevant hereto, Defendant 243 W Hospitality LLC d/b/a Chelsea Living Room is and was a restaurant organized and existing under the laws of the State of New

York and authorized to do business in the State of New York, located at 241 West 14th Street, New York, New York 10011.

9.      At all relevant times, Defendant was Plaintiff's "employer" within the meaning of all relevant Federal, State, and local laws, including, but not limited to, Title VII, the PDA, the NYSHRL, and the NYCHRL.

10.     At all relevant times, Defendant had fifteen (15) or more employees for each working day during the relevant period.

<u>**FACTUAL ALLEGATIONS**</u>

I.      <u>**Ms. Rutten's Background & Experience**</u>

11.     Ms. Rutten came to Chelsea Living Room with a wealth of experience in the hospitality industry. After over a decade in hospitality, she has excelled in her roles by any measure.

12.     Throughout her employment history, Ms. Rutten has consistently been the recipient of high praise from her managers and colleagues who recognize her as an asset to any team she is a part of.

13.     Ms. Rutten formally joined Chelsea Living Room as a server on or about April 29, 2024.

14.     As a server, Ms. Rutten was responsible for setting up tables for service, bringing drinks to customers, informing customers of the specials, and occasionally helping with carrying tables or setting up for events, as needed.

15.     At Chelsea Living Room, her record of high performance is corroborated by the positive feedback she received from customers, who expressed their gratitude to Ms. Rutten by making her among the highest tip-earners on her team.

II.    **Ms. Rutten's Disclosure of Her Pregnancy and Transparently Discriminatory Termination**

16.    On Thursday, June 27, 2024, Ms. Rutten was in the back room of Chelsea Living Room when she disclosed to Ms. Racos, her supervisor, that she was pregnant.

17.    Ms. Racos initially responded positively to the happy news, noting that she was pleased to hear it and asked if Ms. Rutten needed anything from her.

18.    The evening's service continued without incident.

19.    The following evening, Friday, June 28, 2024, there was a private event and buyout of Chelsea Living Room that required Ms. Rutten to work from approximately 5:00 p.m. to 3:00 a.m. The event went well and was without incident. No complaints were made from management or Ms. Racos to Ms. Rutten regarding her performance during the event.

20.    Following the event, Ms. Racos said goodbye to Ms. Rutten and said she would see her the following day.

21.    On Saturday, June 29, 2024, as Ms. Rutten was going downstairs to change into her uniform for the evening's service, Ms. Racos informed Ms. Rutten that they needed to have a conversation.

22.    Ms. Racos and Andrew Roberts, the floor manager, were sitting in an office, with Ms. Rutten standing just outside the door, when Ms. Racos stated that they were going to have to let Ms. Rutten go, as they believed she was "not a good fit" for Chelsea Living Room.

23.    When Ms. Rutten requested that her cause of termination be put into writing, Ms. Racos resisted.

24.    At Ms. Rutten's urging, Ms. Racos eventually produced a termination letter which states, in writing, that the reason for separation was that Ms. Rutten was "not a good fit."

25.     In response, Ms. Rutten raised that she was being terminated because she was pregnant, to which Ms. Racos responded that Chelsea Living Room was not aware of her pregnancy, inaccurately representing the knowledge she obtained two nights prior when Ms. Rutten first informed her of the pregnancy.

26.     Significantly, despite Ms. Racos' claim that she was never told about Ms. Rutten's pregnancy, there were other Chelsea Living Room employees who overheard the conversation between Ms. Rutten and Ms. Racos on June 27, 2024, when Ms. Rutten disclosed her pregnancy.

27.     Indeed, it was well known around the restaurant that Ms. Rutten was pregnant, as all her coworkers were excited about the news, and would help Ms. Rutten avoid having to carry heavy items around the restaurant.

28.     The fact that Ms. Racos chose to lie about her knowledge of Ms. Rutten's pregnancy is telling evidence that the termination was motivated by discriminatory animus.

29.     Chelsea Living Room's stated explanation that the termination was because Ms. Rutten was "not a good fit" is obvious pretext; Chelsea Living Room will be unable to point to any meaningful complaints or performance issues experienced by Ms. Rutten as compared to her peers, and she was a high-performing server.

30.     Ms. Rutten's performance over the course of her tenure at Defendant make clear that the decision had nothing to do with her performance or her "fit" at Chelsea Living Room, and everything to do with the disclosure of her pregnancy to Ms. Racos a mere two days before she was terminated.

31.     Plaintiff's performance has been, upon information and belief, exemplary during the course of her employment with Defendant.

32.     Defendant terminated Plaintiff because of her sex and pregnancy.

33.     As a result of Defendant's actions, Plaintiff felt and continues to feel extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

34.     As a result of the acts and conduct complained of herein, Plaintiff has suffered the loss of income, the loss of a salary, bonuses, benefits, and other compensation which such employment entails, and has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

## FIRST CAUSE OF ACTION
**(Sex & Pregnancy Discrimination in Violation of Title VII & the PDA)**

35.     Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

36.     Defendant discriminated against Plaintiff on the basis of her sex violation of Title VII and the PDA by, *inter alia*, terminating her employment.

37.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, for which she is entitled to an award of damages.

38.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, for which she is entitled to an award of damages.

39.     Defendant's unlawful and discriminatory actions constitute malicious, willful and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION
**(Discrimination in Violation of the NYSHRL)**

40.     Plaintiff repeats, reiterates and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

41.     Defendant discriminated against Plaintiff on the basis of her sex in violation of the NYSHRL by, *inter alia*, terminating her employment.

42.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, for which she is entitled to an award of damages.

43.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, for which she is entitled to an award of damages.

44.     Defendant's unlawful and discriminatory actions constitute malicious, willful and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

## THIRD CAUSE OF ACTION
### (Discrimination in Violation of the NYCHRL)

45.     Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

46.     Defendant discriminated against Plaintiff on the basis of her sex in violation of the NYCHRL by, *inter alia*, denying her equal terms and conditions of employment, and failing to provide reasonable accommodations.

47.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, for which she is entitled to an award of damages.

48.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, for which she is entitled

to an award of damages.

49.     Defendant's unlawful and discriminatory actions constitute malicious, willful and wanton violations of the NYCHRL, for which Plaintiff is entitled to an award of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendant, containing the following relief:

A.     A declaratory judgment that Defendant violated federal, state, and city laws by discriminating and retaliating against Plaintiff;

B.     An award of economic damages;

C.     An award of compensatory damages;

D.     An award of punitive damages;

E.     Prejudgment interest on all amounts due;

F.     An award of reasonable attorneys' fees and costs; and

G.     Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: New York, New York
        March 21, 2025

FARUQI & FARUQI, LLP

By: _____ */s/ Shawn R. Clark*
        Shawn R. Clark
        Innessa M. Huot

685 Third Avenue, 26th Floor
New York, New York 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: sclark@faruqilaw.com

ihuot@faruqilaw.com

*Attorneys for Plaintiff*